**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **SUTASINEE THANA,** *et al.*, | * | |
| **Plaintiffs,** | * | |
| **v.** | | **Case No.: PWG-14-3481** |
| | * | |
| **BOARD OF LICENSE COMMISSIONERS** | | |
| **FOR CHARLES COUNTY,** | * | |
| **MARYLAND,** *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

In their one-count 42 U.S.C. § 1983 action in this Court stemming from the revocation of their liquor license for violation of one of the terms under which it was granted, Plaintiffs Sutasinee Thana, Michael James Lohman, and Thai Seafood & Grill, Inc., trading as Thai Palace & Thai Palace & Lounge ("Thai Palace") seek declaratory and injunctive relief as well as compensatory damages on the basis that the term unconstitutionally restricted their First Amendment rights to freedom of speech.[1]  Compl., ECF No. 1; Pls.' Opp'n 2, ECF No. 43; Defs.' Mem. 3, 19, ECF No. 38-1.  In support of their pending Motion to Dismiss, ECF No. 38, Defendants Board of License Commissioners for Charles County, Maryland (the "Board"); Pamela Smith, Chair; and Board members Guy Black, Tomasina Coates, Steven Lowe, and

---

[1] The factual and procedural background appears in detail in my May 14, 2015 Memorandum Opinion. Mem. Op. & Order, ECF Nos. 22 & 23, *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 104 F. Supp. 3d 711 (D. Md. 2015), *reversed and remanded*, *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 318 (4th Cir. 2016), and familiarity with the background is assumed, making its repetition unnecessary.

William Young argue that *res judicata* bars Plaintiffs' claims for declaratory and injunctive relief, while collateral estoppel bars Plaintiffs' claims for compensatory damages. Defs.' Mem. 1, 19.

Plaintiffs insist that "the doctrines of *res judicata* and collateral estoppel do not bar Thai Palace's 42 U.S.C. § 1983 claim for compensatory damages for violation of its free speech rights guaranteed by the First Amendment." Pls.' Opp'n 3; *see also id.* at 11 ("Thai Palace's 42 U.S.C. § 1983 claim for compensatory damages for violation of its free speech rights guaranteed by the First Amendment is not precluded by the doctrine of *res judicata*."). They do not address the effects of either preclusion doctrine on their declaratory and injunctive relief claims, and Defendants contend that they have abandoned them. The "court nevertheless has an obligation to review the motion[ ] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.,* 743 F.3d 411, 416 n. 3 (4th Cir. 2014); *see Nance v. Md. Dep't of Juvenile Servs.*, No. PWG-14-1434, 2015 WL 1210654, at *4 (D. Md. Mar. 16, 2015). Having reviewed the parties' briefings, ECF Nos. 38-1, 43, 45, I find that a hearing is not necessary. *See* Loc. R. 105.6. Because *res judicata* bars Plaintiffs' claims for declaratory and injunctive relief, and collateral estoppel bars Plaintiffs from arguing that they did not waive their claim for compensatory damages, I will grant Defendants' motion and dismiss this case.

## **Standard of Review**

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Under this Rule, Plaintiffs' Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at \*4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  If an affirmative defense "clearly appears on the face of the complaint," however, the Court may rule on that defense when considering a motion to dismiss.  *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at \*2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citation and quotation marks omitted)). Two such affirmative defenses are *res judicata*, also known as claim preclusion, and collateral estoppel, also known as issue preclusion.

## <u>Discussion</u>

*Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at \*3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citation and internal quotation marks omitted). When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos*, 2012 WL 6210117, at \*2 (quoting *Andrews*, 201 F.3d at 524 n.1).  *Res judicata* provides grounds for dismissal if a defendant establishes "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coal. v. Aracoma Coal*

*Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Even if the plaintiff's legal theory differed in the earlier dispute, the doctrine of *res judicata* still bars the current action, provided that "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Aliff*, 914 F.2d at 42). Further,

> The preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (internal quotation marks omitted).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

Collateral estoppel is "'based upon the judicial policy that the losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on issues raised . . . .'" *Grady Mgmt., Inc. v. Epps*, 98 A.3d 457, 472 (Md. Ct. Spec. App. 2014) (citation omitted). The doctrine bars relitigation of an issue if a defendant demonstrates that (1) "the issue decided in the prior adjudication [was] identical with the one presented in the action in question"; (2) "there [was] a final judgment on the merits"; (3) "the party against whom the plea is asserted [was] a party or in privity with a party to the prior adjudication"; and (4) "the party against whom the plea is asserted [was] given a fair opportunity to be heard on the issue." *Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 459 (Md. 2016) (quoting *Colandrea v. Wilde Lake Cmty. Assoc.*, 761 A.2d 899 (Md. 2000)). If all issues raised in the subsequent suit are identical to the issues presented in the previous suit, then dismissal is appropriate. *E.g.*, *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *1 (D. Md. May 20, 2015).

As noted, Plaintiffs seek declaratory and injunctive relief, as well as compensatory damages. *Res judicata* may bar the claims for injunctive and declaratory relief, but it cannot bar claims for damages where, as here, those claims "could not have been asserted in the circuit court action reviewing the initial [proceeding before an administrative board]." *Esslinger v. Baltimore City*, 622 A.2d 774, 783 (Md. Ct. Spec. App.1993). Collateral estoppel, however, may bar the claim for compensatory damages. *Id.* I will address each preclusion doctrine in turn.

<u>Res Judicata</u>

*1. Final judgment on the merits*

Defendants argue that the Court of Special Appeals's decision affirming the decision of the Circuit Court for Charles County, which affirmed the decision of the Board of License Commissioners for Charles County revoking Plaintiffs' liquor license, "constitutes a final judgment on the merits sufficient to implicate the doctrine of claim preclusion." Defs.' Mem. 20, ECF No. 38-1; *see id.* at 24 (applying same argument with regard to issue preclusion). Plaintiffs do not contest this assertion.

As relevant to this action, the relationship between these parties began, ironically, with a consent agreement that Plaintiffs themselves "proposed" and under which they "consented to restrictions on the use of promoters and on providing go-go entertainment in exchange for the ability to present live entertainment at the restaurant" Thai Palace. *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 130 A.3d 1103, 1106 (Md. Ct. Spec. App.), *cert. denied*, 136 A.3d 818 (Md. 2016). It deteriorated rapidly, with the Board of License Commissioners for Charles County bringing an enforcement proceeding against Thai Palace with regard to the consent agreement and finding that Thai Palace had violated it. *Id.* In that proceeding, Thai Palace did not raise any constitutional objections. *Id.* When Thai Palace subsequently

5

"petitioned the Circuit Court for Charles County to review the Board's decision, [it] argu[ed], *inter* alia, for the first time that the restrictions in the second consent order violated the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution." *Id.* Yet, again, it did not raise any First Amendment claims. *See id.*

The state circuit court denied the petition in part, and Thai Palace appealed, arguing for the first time that the consent agreement violated its rights under the First Amendment. *Id.* Specifically, Plaintiffs presented four issues, which the appellate court reworded and consolidated as three issues, one regarding mootness, one regarding whether there was substantial evidence in support of a Board finding, and most relevantly, one regarding whether the Plaintiffs preserved (and did not waive) their right to raise their First Amendment argument, and if so, whether the Board violated Plaintiffs' free speech rights. *Id.* at 1106–07; *see* Defs.' Mem. 5–8. The Court of Special Appeals concluded that the case was not moot, noting Plaintiffs' concern that the appeal "could have collateral estoppel implications for its federal case." *Thana*, 130 A.3d at 1111. It affirmed the finding of substantial evidence, *id.* at 1114, and then concluded that Plaintiffs waived and thereby failed to preserve the constitutional issue, *id.* at 1116. Thus, although the appellate court did not decide the constitutional issue, this was based upon its finding that Plaintiffs had waived their right to have the issue decided because of their failure to raise it in the earlier administrative and state court proceedings. The appellate court's ruling on the waiver issue was a final judgment on the merits. *See id.*

   2.  *Same parties*

Defendants argue that Plaintiffs are "the identical petitioner/plaintiffs before the Board, the Circuit Court for Charles County and the Court of Special Appeals." Defs.' Mem. 21. In their view, the fact that "Plaintiffs have added the individual commissioners" as Defendants in

this case does not change the identity of Defendants because "those individuals are sued in their official capacity, and are therefore, indistinguishable from the Board itself." *Id.* Plaintiffs do not argue otherwise. I am satisfied that the litigation was between the same parties or their privies.

3. *Claims brought—or that could have been brought—in state court*

Defendants contend that Plaintiffs' declaratory and injunctive claims are subject to claim preclusion because they "arise from the same transaction as the claims in state court." Defs.' Mem. 21. Plaintiffs do not address this point either. Rather, in this Court, Plaintiffs argue (with nonchalant indifference to the fact that they are challenging the constitutionality of the restrictions that they themselves proposed to the Board) that "Defendants[] unconstitutionally condition[ed] the issuance, modification and continued use of a liquor license upon the Plaintiffs' agreement not to, *inter alia*, promote and/or offer 'go-go' music and/or entertainment in its establishment in violation of the Plaintiffs' free speech rights guaranteed by the First Amendment of the United States Constitution." Compl. ¶ 1. They raised this same claim before the Court of Special Appeals, which concluded that they had waived it, because they could have brought it earlier in their state court litigation, but chose not to do so. Accordingly, *res judicata* bars Plaintiffs' claims for declaratory and injunctive relief, and Plaintiffs have not provided any authority or even argument to the contrary. The remaining issue is whether Plaintiffs' First Amendment claims for compensatory damages are subject to collateral estoppel based on the Court of Special Appeals's conclusion that Plaintiffs had waived them.

*Collateral Estoppel*

*1.  Identical issue*

As noted, Plaintiffs claim in this Court that "Defendants[] unconstitutionally condition[ed] the issuance, modification and continued use of a liquor license upon the Plaintiffs' agreement not to, *inter alia*, promote and/or offer 'go-go' music and/or entertainment in its establishment in violation of the Plaintiffs' free speech rights guaranteed by the First Amendment of the United States Constitution."   Compl. ¶ 1.   According to Defendants, "Plaintiffs raised the identical issues in the Court of Special Appeals that they raise here," as they "have already asked whether there was an actionable violation of their free speech rights under the First Amendment through either the imposition of the conditions of Consent Order No. 2 and/or through the enforcement of those conditions."   Defs.' Mem. 22–23 (*comparing* Br. of Appellants in Md. Ct. Spec. App. 2–3, ¶¶ 1–2, Defs.' Mem. Ex. B, ECF No. 38-3, *with* Compl. ¶¶ 19–20).  But, as Plaintiffs see it:

> At no time in the administrative hearing before the Liquor Board, the Circuit Court for Charles County, or before the Maryland Court of Special Appeals, was there a factual finding on the issue of whether the Liquor Board violated Thai Palace's free speech rights guaranteed by the First Amendment or 42 U.S.C. § 1983.  Indeed, the issue was not raised before the Liquor Board or the Circuit Court.  Although raised by Thai Palace before the Court of Special Appeals, the Court of Special Appeals declined to address the issue.

Pls.' Opp'n 12.  Although literally accurate, Plaintiffs' argument is legally irrelevant, because the reason why no substantive ruling was reached on Plaintiffs' First Amendment claims is because Plaintiffs waived them, and this issue (waiver) was resolved against them by the Court of Special Appeals.

Collateral estoppel "preclude[s] relitigation of issues that the same parties already had litigated." *GAB Enters., Inc. v. Rocky Gorge Devel., LLC*, 108 A.3d 521, 530 (Md. Ct. Spec.

App.), *cert. denied sub nom. Rocky Gorge Dev. v. GAB Enters.*, 114 A.3d 711 (Md. 2015). This means that "the judgment in the prior action operates as an estoppel *only as to those matters in issue or points controverted*, upon the determination of which the finding or verdict was rendered." *Id.* (quoting *John Crane, Inc. v. Puller,* 899 A.2d 879, 891 (Md. Ct. Spec. App. 2006) (quoting *LeBrun v. Marcey*, 86 A.2d 512, 514 (Md. 1952) (citations and quotation marks omitted)) (emphasis in *GAB Enters.* removed; emphasis added)). Notably, unlike *res judicata*, which bars a party from bringing any "'matter that [was] decided in the original suit,'" as well as "'all matters which with propriety could have been litigated in the first suit,'" collateral estoppel "means that if a previous case took place between the same parties or their privies, and the fact-finder made a finding that was 'essential to' the judgment entered, all future cases between those parties are stuck with *that* finding and cannot re-litigate *the question.*" *Mostofi v. Midland Funding, LLC*, 117 A.3d 639, 644 (Md. Ct. Spec. App. 2015) (quoting *Lizzi v. Wash. Metro. Transit Auth.*, 862 A.2d 1017, 1022 (Md. 2004) (quoting *Alvey v. Alvey*, 171 A.2d 92, 94 (Md. 1961)); *Welsh v. Gerber Prods., Inc.*, 555 A.2d 486, 489 (Md. 1989) (emphasis added)). Thus, "the inquiry must always be as to *the point or question actually litigated and determined* in the original action, *not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." *John Crane, Inc.*, 899 A.2d at 891–92 (quoting *LeBrun*, 86 A.2d at 514 (citations and quotation marks omitted)) (emphasis added; original emphasis removed).

"[T]he concern of collateral estoppel law is with the preclusion of duplicative *fact-finding.*" *John Crane, Inc.*, 889 A.2d at 894 (emphasis added). In *Colandrea*, the Court of Appeals differentiated collateral estoppel from *res judicata*, stating clearly that, "for the doctrine of collateral estoppel to apply, the probable fact-finding that undergirds the judgment used to

estop must be scrutinized to determine if the issues raised in that proceeding were *actually litigated*, or facts necessary to resolve the pertinent issues were adjudicated in that action," whereas under the doctrine of *res judicata*, "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action and is conclusive, not only as to all matters decided in the original suit, *but also as to matters that could have been litigated in the original suit.*" *Id.* (first emphasis added; second emphasis in *Colandrea*). The Court of Appeals more recently has stated that "the doctrine of collateral estoppel provides that, '[w]hen an issue of *fact or law* is *actually litigated* and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 458 (Md. 2016) (quoting *Cosby v. Dep't of Human Res.,* 42 A.3d 596, 602 (Md. 2012) (emphasis added)).   Therefore, collateral estoppel bars only the litigation of issues of fact or law that the state court actually decided, and not those factual or legal issues that could have been, but were not, raised. *See id.*

Certainly, the state court did not actually decide the facts concerning whether Defendants violated Plaintiffs' First Amendment rights.  But, to determine whether collateral estoppel bars Plaintiffs from litigating the issue before this Court, I must consider what *facts* Plaintiffs must prove to prevail on their claim pending in this Court.  Defendants argue that, even if Plaintiffs are not precluded from litigating this suit, their "claims would necessarily fail in any event as having been waived by Plaintiffs at the outset of the circumstances giving rise to this controversy through Plaintiffs' voluntary conduct."  Defs.' Mem. 26.  That is, they proposed the very restrictions agreed to by the licensing board and did not challenge them when they initially were imposed, or later during the administrative proceedings or in the circuit court.  Because the Court

of Special Appeals concluded that Plaintiffs had waived the First Amendment claims, Plaintiffs
have to show in this Court that they did not in fact waive them.  But this they cannot do, because
the fact of their waiver was finally resolved against them by the Court of Special Appeals.
Accordingly, they are estopped from doing so now.  *Id.* at 25–26.

For example, in *Horowitz v. Continental Casualty Co.*, this Court considered whether,
under collateral estoppel principles, federal court litigants may relitigate a state court finding of
waiver. No. DKC-14-3698, 2015 WL 9460111, at *4 (D. Md. Dec. 28, 2015), *recons. denied*,
2016 WL 3597575 (D. Md. July 5, 2016).  There, after the Horowitzes had accepted payment
under a settlement agreement, the state court concluded that they had waived "their argument
that the Settlement was illegal." *Horowitz*, 2015 WL 9460111, at *4.  When they filed suit in
this Court and again tried to argue that the settlement agreement was illegal, this Court found
that "the first element of collateral estoppel ha[d] been met as to the issue[] of Plaintiffs' waiver
of their illegality argument." *Id.*  It concluded that the plaintiffs could not "relitigate the issue of
whether they waived their illegality argument" and therefore could not argue in federal court
"that the Settlement was illegal." *Id.* at *5.  The Court dismissed "any claim that relie[d] on the
illegality of the Settlement." *Id.*

Here, similarly, the Court of Special Appeals concluded that, because Thai Palace
"proposed the contested terms" and failed to "appeal the legality of the second consent order
after it was issued," the plaintiff was "precluded from challenging the terms of the consent
order." *Thana*, 130 A.3d at 1116–17.  Specifically, the Court of Special Appeals held:

> [Thai Palace] is precluded from challenging the terms of the consent order
> because the licensee proposed the contested terms and because it failed to appeal
> the allegedly unconstitutional condition at the time it was included in the court
> order. *Fells Point Café*, 344 Md. at 141, 685 A.2d 772 (holding that "when a
> licensee agrees to reasonable restrictions in order to obtain a license that clearly
> would not otherwise be granted, the licensee will be estopped from later arguing

that the Board had no power to place such a restriction on the license"). Although Thai Palace argues that the Board would not modify its liquor license unless it agreed to the restriction on go-go entertainment, the record does not reveal any statements made by the Board on this point, and the document containing these restrictions was submitted by the licensee's attorney. Further, the record reflects that the licensee did not appeal the legality of the second consent order after it was issued. *See Fells Point Café,* 344 Md. at 137, 685 A.2d 772 ("If a licensee feels aggrieved by the conditions sought to be placed on his or her license, he or she should seek judicial review at the time the conditions are imposed").

*Id.* Consequently, this Court cannot now determine the issue of waiver, as the Court of Special Appeals already determined that Plaintiffs waived the constitutional issue. *See id.*

2. *Final judgment on the merits and parties in state court action*

As discussed with regard to *res judicata*, there was a final judgment on the merits in state court and Plaintiffs were parties in the state court action; Plaintiffs do not argue otherwise.

3. *Fair opportunity to be heard*

In Defendants' view, Plaintiffs had a full and fair opportunity to litigate the issue, as "Plaintiffs could have, but did not, raise their constitutional concerns at the time they entered into Consent Order 2," and they "also failed to raise their constitutional concerns at the time the[y] appealed the Board's decision to enforce the conditions." Defs.' Mem. 24  Defendants note that Plaintiffs raised other constitutional concerns in state circuit court and raised the First Amendment claim in the Court of Special Appeals. *Id.* Plaintiffs do not argue that they could not have raised the claim earlier in the administrative hearing or state court.

In sum, collateral estoppel bars Plaintiffs from arguing in this Court that they did not waive their First Amendment issue. Because they cannot relitigate this conclusion, their First Amendment claim for damages is waived and subject to dismissal in this Court.

**Conclusion**

*Res judicata* bars Plaintiffs' claims for declaratory and injunctive relief.  Additionally, collateral estoppel bars Plaintiffs from arguing that they did not waive the First Amendment issue.  Consequently, they have waived their First Amendment claim for compensatory damages.

**ORDER**

Accordingly, it is, this 5th day of January, 2017, hereby ORDERED that

1.  Defendants' Motion to Dismiss, ECF No. 38, IS GRANTED;

2.  Plaintiffs' Complaint IS DISMISSED with prejudice; and

3.  The Clerk IS DIRECTED to close this case.


_____/S/_____
Paul W. Grimm
United States District Judge